```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

GLASTON CORPORATION &            )
UNIGLASS ENGINEERING OY,         )
                                 )
            Plaintiffs,          )
                                 )
    v.                           )         1:21-cv-942
                                 )
                                 )
SALEM FABRICATION               )
TECHNOLOGIES GROUP, INC.,       )
d/b/a/ HHH EQUIPMENT            )
RESOURCES,                      )
                                )
            Defendant.          )

## MEMORANDUM ORDER

THOMAS D. SCHROEDER, District Judge.

Before the court in this patent case is the motion of Plaintiffs Glaston Corporation and Uniglass Engineering OY to strike, or alternatively to require revision of, the Final Invalidity Contentions of Defendant Salem Fabrication Technology Group, Inc. ("Salem"). (Doc. 133.) Salem has responded in opposition (Doc. 135), and Plaintiffs have filed a reply (Doc. 138). For the reasons that follow, the court declines to strike Salem's Final Invalidity Contentions but will permit Salem to rely on its subsequent Supplemental Final Contentions, which Plaintiffs do not challenge. The court denies Plaintiffs' request for attorneys' fees and costs.

## I. BACKGROUND

Plaintiffs Glaston and Uniglass Engineering OY commenced this action on December 9, 2021, alleging that Salem is infringing on two of its patents, United States Patent No. 8,479,540 (the "'540 Patent" (Doc. 14-1)) and United States Patent No. 8,650,911 (the "'911 Patent" (Doc. 14-2)), that describe a method and apparatus for tempering glass (Doc. 1 ¶ 1). At present, Plaintiffs challenge Salem's Final Invalidity Contentions as to why Plaintiffs' asserted patents are invalid for obviousness. (See Doc. 134-5 at 3 (relaying previous iterations of the invalidity contentions).) In substance, the contentions assert that multiple prior patents, considered individually or in combination with each other, anticipate Plaintiffs' claims and render them obvious. (Id.)

On March 29, 2023, Plaintiffs served their Disclosure of Asserted Claims and Preliminary Infringement Contentions pursuant to Local Rule for Patent Cases 103.1. (See Doc. 29.) Salem in turn served a set of Preliminary Invalidity Contentions on May 15, 2023, pursuant to Local Rule for Patent Cases 103.3. (Doc. 136-1.) Salem propounded an interrogatory (number 16) demanding that Plaintiffs "describe all legal and factual bases supporting" any argument that the Preliminary Invalidity Contentions would not invalidate Plaintiffs' infringement claims. (Doc. 134-2 at 3.) Plaintiffs objected that Salem's Preliminary Invalidity Contentions "identif[ied] hundreds of prior art references" and

2

offered "over 150 trillion possible combinations" such that Plaintiffs should not be obliged to respond to the interrogatory. (Doc. 41 at 15-17.)

Salem twice supplemented its Preliminary Invalidity Contentions, in October and December of 2023. (Doc. 136-3; see Doc. 135 at 9.) Plaintiffs acknowledge they did not move to strike at any time prior to the Final Invalidity Contentions, stating this was because "claim construction had not yet occurred, and the Local Patent Rules provided Salem with another opportunity to serve serious, reasoned invalidity contentions." (Doc. 134 at 4.)

This court held a claim construction hearing on February 23, 2024. (See Doc. 98 at 1.) The court issued its claim construction on April 18, 2024. (Doc. 98.) Salem served its Final Invalidity Contentions on June 27, 2024, within the deadline in the court's scheduling order. (Doc. 134-5 at 53.)

On July 1, 2024, counsel for Plaintiffs emailed counsel for Salem and stated that the Final Invalidity Contentions "do not comply with Local Patent Rule 103.3(b) or (c) because they do not identify with particularity each combination of prior art that Salem contends renders an asserted claim obvious," and because they did not "identify the motivation to combine specific items of prior art." (Doc. 136-9 at 6.) Salem's counsel responded that the Final Invalidity Contentions were compliant with the local rules because Salem identified "the primary patent art references

3

it intends to rely upon in its obviousness case for each patent, and the secondary references those primary references could be combined with," and offered "an explanation of the motivation to combine each primary reference with each secondary reference." (Id. at 5.) Later, Plaintiffs requested that Salem "limit the number of prior art invalidity grounds it asserts prior to the exchange of expert reports." (Id. at 2.) Salem offered to do so on the condition that Plaintiffs correspondingly limit their infringement claims. (Id.) Plaintiffs declined that offer. (Id.)

Plaintiffs then filed the instant motion to strike on July 11. (Doc. 133.) On July 25 or 27,[1] the parties exchanged expert reports. Salem's expert report pared back the number of combinations it offered. (See Doc. 136-8 at ¶¶ 6-7.) Salem responded in opposition to Plaintiffs' motion to strike on August 1. (Doc. 135.) Salem argued its Final Invalidity Contentions complied with the Local Rules, see generally Doc. 135, but also attached a revised version of the Final Invalidity Contentions styled "Salem's Proposed Supplemental Final Contentions," Doc. 136-15. Plaintiffs filed a reply on August 15. (Doc. 138.)

Plaintiffs argue that the Final Invalidity Contentions do not comply with this court's Local Rule for Patent Cases 103.3(b) because they fail to identify each combination of prior art items

---

[1] The parties disagree on the dates expert reports were exchanged. (See Doc. 135 at 13; Doc. 138 at 3.) The discrepancy is irrelevant to the court's analysis.

4

that renders a claim obvious, as well as the motivation to combine those prior art items. (See generally Doc. 134.) Plaintiffs ask the court to "strike"[2] the contentions (which would have the practical effect of eliminating that defense) or, alternatively, order Salem to "revise its contentions in accordance with Local Rule 103.3(b)." (Id. at 15-16.) Plaintiffs also move for an award of attorneys' fees and costs for bringing the motion. (Id.) Salem responds that its Final Invalidity Contentions comply with the Local Rules but nevertheless proposes that in lieu of striking any contentions, the court deem Salem's "Supplemental Final Contentions" the most current version. (Doc. 135 at 21 (Response in Opposition); Doc. 136-15 (Supplemental Final Contentions).)

## II. ANALYSIS

### A. Compliance with Local Rule for Patent Cases 103.3(b)

Rule 103.3(b) of the Middle District's Local Rules for Patent Cases provides that invalidity contentions must identify "[w]hether each item of prior art anticipates each asserted claim or renders it obvious." Further, and most relevant here, "[i]f a combination of items of prior art makes a claim obvious, each

---

[2] Plaintiffs acknowledge that they do not move pursuant to Federal Rule of Civil Procedure 12(f), as the Final Invalidity Contentions are not a pleading. (Doc. 138 at 1 n.1.) They instead seek to strike the contentions "as a sanction for Salem's disregard of the Local Rules and this Court's clear precedent." (Id. (citing Altria Client Servs. LLC v. R.J. Reynolds Vapor Co., No. 20-CV-472, 2022 WL 2489054 (M.D.N.C. July 6, 2022), for the proposition that "striking invalidity contentions [is] a remedy for violations of Local Rule 103.3).)

such combination, and the motivation to combine such items, must be identified." Id. "Local Patent Rules . . . seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." Altria Client Servs. LLC v. R.J. Reynolds Vapor Co., No. 20-CV-472, 2022 WL 2489054, at *2 (M.D.N.C. July 6, 2022) (quotation marks and citation omitted).

Plaintiffs contend that Salem's Final Invalidity Contentions violate Rule 103.3(b) for three reasons. First, Plaintiffs argue that Salem has not sufficiently identified the relevant combinations of the 91 patents it lists that would render Plaintiffs' claims obvious. (Doc. 134 at 7-9; Doc. 138 at 4-6.) They argue that the Final Contentions, which included a chart of 91 pieces of prior art from around the world, left open the door to "trillions" of potential combinations because the contentions state that "to the extent the foregoing references are found not to anticipate the asserted claims, the foregoing references render the asserted claims obvious either alone or in combination with one or more of the [91] other references identified above in Section III.A." (Doc. 134 at 8 (quoting Doc. 134-5 at 10) (emphasis removed).) Second, Plaintiffs argue that Salem failed to sufficiently identify the motivations to combine the prior art. (Doc. 134 at 9-10, 12-13; Doc. 138 at 6-7.) Third, Plaintiffs argue that the Final Invalidity Contentions are deficient under this court's caselaw. (Doc. 138 at 7-8; see Doc. 134 at 6-13.)

6

Salem responds that it has complied with the court's local rules, because its Final Invalidity Contentions "chart a total of just eighteen references and identify specific combinations of that limited number of references" in its multi-page response that includes a specific claim chart addressing the claim elements of each of the asserted patents, and it provided "detailed motivations to combine" the prior art. (Doc. 135 at 6.) Salem further argues that Plaintiffs' motion is moot since, after Plaintiffs filed the present motion, Salem served its expert report containing only 8 total references and ten combinations of references and provided the updated Supplemental Final Contentions. (Id. at 20-21, 26.)

As to Plaintiffs' first argument — that Salem failed to sufficiently identify the relevant combinations of prior patents — Salem's wording of its Final Invalidity Contentions plainly leaves open very large numbers of combinations (whether it is hundreds, thousands, or "trillions" as Plaintiffs contend). This is because Salem's responses not only list specific prior art but, in referring to it, incorporate the phrases "one or more of" and "and/or references in Section III.A." (See, e.g., (Doc. 134-5 at 32 (" . . . would have found it obvious and had reason and motivation to modify Plumat alone and/or combine Plumat <u>with any one or more of</u> Reunamaki, Reunamaki 359, Vehmas 570, Nikander, Lewandowski, Lindroos, and/or Thiessen") (emphasis added); Id. at 40 (referencing the "Starr [patent] alone or in combination with

7

one or more of . . . Thiessen . . . and/or references in Section III.A."); (Id. at 6-9 (Section III.A., which lists 91 prior art patents)). It is the use of "and/or" that in particular injects vagueness into the responses.

Salem is correct that elsewhere the Final Invalidity Contentions provide more specific combinations without incorporating the reference to the 91 prior art patents within Section III.A, but Salem nevertheless incorporates the vague phrasing "with any one or more of" when referring to multiple pieces of prior art. (See, e.g., id. at 34 (asserting a person of ordinary skill in the art "would have found it obvious and had reason and motivation to modify Starr alone and/or combine Starr with any one or more of Reunamaki, Reunamaki 359, Vehmas 570, Nikander, Lewandowski, Lindroos, and/or Thiessen").) This phrasing contributes to the vagueness of the responses and thus deprives Plaintiffs of fair notice.

Second, Rule 103.3(b) requires invalidity contentions to identify "each . . . combination [rendering a claim obvious], and the motivation to combine such items." This contemplates sufficient notice to an opponent to be able to discern the motivation of each asserted combination. Plaintiffs assert Salem has failed to provide the "specific motivation to make particular combinations." Doc. 134 at 5. Salem responds that it has offered sufficient motivation under the Local Rules, pointing to its

8

statement that the motivation to make the different combinations offered is "to temper low-[emissivity] glass efficiently, and to prevent glass defects resulting from uneven heating and/or cambering of the glass in the furnace." (Doc. 134-5 at 32-36.)

Salem's Final Invalidity Contentions are inconsistent with this court's Local Rules for Patent Cases and the caselaw on Rule 103.3(b). Providing "a litany of choices that may possibly combine" fails the rule, especially when offered alongside only a "generalized" motivation to combine them. Altria, 2022 WL 2489054, at *5-6. A comparison between this case and Altria is useful.

Here, Salem asserts:

> a person of ordinary skill in the art at the time of the alleged invention of the Asserted Patents would have found it obvious and had reason and motivation to modify Plumat alone <u>and/or</u> combine Plumat <u>with any one or more of</u> Reunamaki, Reunamaki 359, Vehmas 570, Nikander, Lewandowski, Lindroos, <u>and/or</u> Thiessen to improve the ability of the tempering furnace to temper low-E glass efficiently, and to prevent glass defects resulting from uneven heating <u>and/or</u> cambering of the glass in the furnace.

(Doc. 134-5 at 32 (emphases added).) Salem repeats this formula, using the same secondary art references and the same combination motivation for each of nine primary art references. (See id. at 32-36.) This mirrors the problem the court identified in Altria, where the defendant similarly argued one subset of patent claims was obvious "over Barlow alone, or in view of the knowledge of a POSA [person of ordinary skill in the art], and/or one or more references identified by Reynolds, for example, Brucker and/or

9

Patton and/or Budd and/or Giessler and/or Wheeler and/or Pellett and/or Boyd." Altria, 2022 WL 2489054, at *6. The Altria court did not recite the "generalized" motivations it found insufficient in light of the "breadth of the possible combinations"; the plaintiffs claimed, however, that there were "over 1000 pieces of prior art" for potential combinations. Id. at *5-6.

Salem's Final Invalidity Contentions fall short of the Altria standard. Even at their most specific, the contentions leave open scores of combinations.

Salem's argument that it has "provided the information complained of in Altria" is unpersuasive. (Doc. 135 at 21.) Salem contends that the problem in Altria was that the defendant "only provided general motivations relating to the problem that the patent solved," and "failed to identify motivations to combine on an art-by-art basis." Id. (citing Altria at *5-6.) But this is too cramped a reading of Altria. There, the court faulted the defendant both for providing only a general motivation and for offering a "litany of choices that may possibly combine." Altria, 2022 WL 2489054, at *6. It ordered the defendant to remedy the invalidity contentions by identifying both "each combination of prior art that makes a claim obvious and the motivation to combine such items." Id. at *7. In other words, it found that the final invalidity contentions failed Rule 103.3(b) in two separate ways: by failing to sufficiently identify the specific combinations at

10

issue, and in failing to provide adequate motivations to combine. Here, Salem has failed to sufficiently identify the specific combinations at issue, regardless of whether the offered motivation is sufficient.[3]

The court therefore finds that Salem's Final Invalidity Contentions are inadequate. However, it will deny Plaintiffs' request to strike them. In neither Altria nor Ultra-Mek did the court strike the defendant's invalidity contentions. Instead, the defendants were ordered to revise their contentions to comply with Rule 103.3(b). See Altria, 2022 WL 2489054, at *7; Ultra-Mek, 318 F.R.D. at 319. Here, Salem has since filed Supplemental Final Contentions that Plaintiffs accept as "far more compliant with Local Rule 103.3"; indeed, Plaintiffs "do not oppose Salem's request that [Salem's] New Contentions be deemed its Final Contentions" if the Final Invalidity Contentions are not struck.

---

[3] Plaintiffs' other cited precedent is distinguishable. In Ultra-Mek, Inc. v. Man Wah (USA), Inc., 318 F.R.D. 309 (M.D.N.C. 2016), the plaintiff complained that rather than provide each combination at issue and a corresponding motivation for each combination, the defendant "simply provided a list of documents" and "a list of potential motivations." Id. at 318. The defendant argued that it provided sufficient detail by offering 18 primary references and 17 secondary references. Combining any of the former with any of the latter, it asserted, would render the claim at issue obvious when paired with any of the offered motivations. Id. at 318-19. This premise could not be verified, as the court attempted to randomly pair primary references, secondary references, and motivations, only to conclude that it could not be done. Id. at 319 (noting two of the primary references were German-language patents). Also problematic was the fact that one of the asserted motivations was a 166-page document without explanation or citations to specific portions. Id.

11

(Doc. 138 at 2, 4; 9-10.) Accordingly, the court will grant Salem's request to amend its Final Invalidity Contentions with the Supplemental Final Contentions. (Doc. 135 at 26.)

**B. Request for Attorneys' Fees and Expenses**

Plaintiffs seek an award of attorneys' fees and costs as a sanction pursuant to Local Civil Rule 83.4(a)(4). (Doc. 138 at 10.) Rule 83.4 is entitled "Sanctions." Subparagraph (a)(4) allows a court to make "an order imposing costs, including attorney's fees, against the party, or the party's attorney, who has failed to comply with a local rule." These sanctions are "discretionary with the court." Local Civil Rule 83.4(b). In considering the imposition of sanctions, "the [c]ourt may consider whether a party's failure was substantially justified or whether other circumstances make the imposition of sanctions inappropriate." Id.

Having reviewed the materials cited by Plaintiffs, the court declines to award attorneys' fees and costs. Plaintiffs devoted only three unconnected sentences in their opening brief – at the end of the opening paragraph, at the end of the background section, and in the conclusion – as to their request to award attorneys' fees and costs, which provided no substantive argument. (Doc. 134 at 2, 5, 16.) They attempted to compensate for this deficiency by addressing the issue in their reply. (Doc. 138 at 10-12.) But while Salem responded in opposition to Plaintiffs' request for

12

attorneys' fees (Doc. 135 at 26-27), new arguments should not be raised for the first time in a reply brief. <u>Tyndall v. Maynor</u>, 288 F.R.D. 103, 108 (M.D.N.C. 2013).

Patent cases, by their very nature, tend to engender contentious fights and involve significant investments of time and money. In recognition of this and the issues at stake in such cases, courts adopt local rules for patent cases to ensure efficient case management. <u>O2 Micro Int'l Ltd. V. Monolithic Power Sys., Inc.</u>, 467 F.3d 1355, 1366 (Fed. Cir. 2006). A principal component of that goal is providing adequate notice to an opponent of a party's contentions as to the validity of a patent. Rule 103.3(b) intends to serve that purpose. Yet, the rule does not provide any limit on the number of combinations which invalidity contentions may offer. Guidance is found in this court's limited case law — <u>Altria</u> and <u>Ultra-Mek</u>. Both cases involved violations more extreme than those found here, and <u>Ultra-Mek</u> makes no mention of any fee award. Moreover, Plaintiffs have pointed to no substantial prejudice other than the expense of filing their motion. In fact, Plaintiffs concede that had Salem served its Supplemental Final Contentions only "three weeks earlier," "<u>or even just said that it would voluntarily and timely fix the Final Contentions</u>," they would not have filed their motion. (Doc. 138 at 12 (emphasis in original).) While Plaintiffs' motion seeks reimbursement for "additional discovery regarding the revised

13

contentions," their reply brief, filed after Salem's Supplemental Final Contentions and expert report were served, does not include additional discovery in the specific forms of relief sought. (Doc. 134 at 2; Doc. 138.) Moreover, no additional time for Plaintiffs' responsive expert report is claimed. See Altria, 2022 WL 2489054, at *7. Indeed, before Plaintiffs' motion to strike, opening expert reports on issues on which each party bears the burden of proof were due July 25, 2024. (Doc. 118 at 1.) Expert reports on which the opposing party bears the burden of proof were then due August 29, 2024, and rebuttal expert reports were due September 16, 2024. (Id. at 2.) The deadlines for these latter two expert reports were pushed back to September 19, 2024, and October 7, 2024, owing to the illness of Salem's technical expert. (Docs. 141, 144.) The court cannot conclude that but for Plaintiffs' motion, Salem's expert reports would not have relied on more properly narrowed invalidity contentions, or that the delay in receiving compliant invalidity contentions materially prejudiced Plaintiffs' ability to prepare responsive expert reports under these circumstances. Litigants should take note, however, that this decision is based on the limited facts of this record and should not be misconstrued to justify vague final invalidity contentions intended to mask a party's position for strategic purposes.

Furthermore, Salem contends that Plaintiffs conceded during a meet and confer that Salem intended for its primary prior art

14

references to be limited to the 15 charted references, and Plaintiffs acknowledge that they reached a compromise with Salem whereby Salem agreed that Plaintiffs were obliged to respond to Salem's Interrogatory 16 only insofar as it sought Plaintiffs' bases for opposing those 15 invalidity prior art references. (Docs. 50 at 2; 135 at 11; 138 at 5 n.2.) While Salem's position was not substantially justified as to its Final Invalidity Contentions, these other circumstances indicate that an award of attorneys' fees and costs as a sanction is not warranted.

Finally, to the extent Plaintiffs request that the court memorialize Salem's representation that it "cannot present invalidity theories outside of its opening expert report" (Doc. 138 at 4 (quoting Doc. 135 at 26)), the court need not do so. Whether or not Salem's statement constitutes a judicial admission as such, see Meyer v. Berkshire Life Ins. Co., 372 F.3d 261, 264-65 (4th Cir. 2004) ("Judicial admissions . . . . include intentional and unambiguous waivers that release the opposing party from its burden to prove the facts necessary to establish the waived conclusion of law."), the court has no doubt that Salem would be hard pressed to abandon this position.

## III. CONCLUSION

For these reasons,

IT IS THEREFORE ORDERED that Plaintiffs' request to strike the Final Invalidity Contentions is DENIED. Salem's request to

15

amend its Final Invalidity Contentions with its Supplemental Final Contentions is GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' request for attorneys' fees and costs is DENIED.

/s/ Thomas D. Schroeder<br>United States District Judge

December 19, 2024