IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
GLASTON CORPORATION and            )
UNIGLASS ENGINEERING OY,           )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )      1:21CV942
                                   )
SALEM FABRICATION TECHNOLOGIES     )
GROUP, INC., d/b/a HHH EQUIPMENT   )
RESOURCES,                         )
                                   )
            Defendant.             )
```

## MEMORANDUM ORDER

This case came before the court on the Joint Motion to Seal filed by Defendant Salem Fabrication Technologies Group, Inc. and Plaintiffs Glaston Corporation and Uniglass Engineering OY. (Doc. 156.) The motion is made in connection with materials submitted for the court's consideration of the parties' briefing on Defendant Salem's motion for summary judgment. (Doc. 150.)

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," Landmark Commc'ns, Inc. v. Virginia, 435 U.S. 829, 839 (1978), "and the public's business is best done in public," Cochran v. Volvo Grp. N. Am., LLC, 931 F. Supp. 2d 725, 727 (M.D.N.C. 2013). "When parties call on the courts, they must

accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials." Doe v. Pub. Citizen, 749 F.3d 246, 271 (4th Cir. 2014) (citation modified). When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 576 (4th Cir. 2004). Procedurally, the court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. Id. "As to the substance, the district court first 'must determine the source of the right of access with respect to each document,' because [o]nly then can it accurately weigh the competing interests at stake." Id. (alteration in original) (quoting Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 181 (4th Cir. 1988)). "Generally, the public interest in disclosure heightens as the underlying motions are directed more to the merits and as the case proceeds toward trial." SmartSky Networks, LLC v. Wireless Sys. Sols., LLC, 630 F. Supp. 3d 718, 732 (M.D.N.C. 2022). Under this court's Local Rules, "[n]o motion to seal will be granted without a sufficient showing by the party claiming confidentiality as to why sealing is necessary and why less drastic alternatives will not afford adequate protection, with

2

evidentiary support." M.D.N.C. L.R. 5.4(c)(3). Sealing confidential business information may be appropriate absent an improper purpose and countervailing interests. See Nixon, 435 U.S. at 598; Adjabeng v. GlaxoSmithKline, LLC, No. 1:12-CV-568, 2014 WL 459851, at *3 (M.D.N.C. Feb. 5, 2014).

In order to determine whether confidential business information should be sealed, courts consider (1) "whether the party has shown that the information sought to be sealed is confidential"; (2) "whether disclosure would harm the party's competitive standing or otherwise harm its business interests"; (3) "whether the motion is narrowly tailored"; and (4) "whether the interests in non-disclosure are compelling and heavily outweigh the public's interest in access to the information." Sims v. BB&T Corp., No. 1:15-CV-732, 2018 WL 3466945, at *2 (M.D.N.C. July 18, 2018). Furthermore, "personal information of third parties is often subject to protection, given the privacy interests at stake for individuals who are not part of the suit." Stevens v. Cabarrus Cnty. Bd. of Educ., 1:20-CV-335, 2022 WL 4620906, at *15 (M.D.N.C. Sept. 30, 2022). However, it is not enough to assert generally that exhibits contain "sensitive and confidential business information" without supplying "'specific underlying reasons for the district court to understand how [the party's interest] reasonably could be affected by the release of such information.'" Trs. of Purdue Univ. v. Wolfspeed, Inc., No.

3

1:21-CV-840, 2023 WL 2776193, at *2 (M.D.N.C. Feb. 28, 2023) (quoting Wash. Post, 386 F.3d at 579). The court notes that the Joint Motion to Seal has been pending since January 24, 2025, and the court has received no opposition. (Doc. 156.)

Here, the parties seek to seal the following documents:

1. The non-redacted copy of Defendant Salem Fabrication Technology Group, Inc.'s Brief in Support of its Motion for Summary Judgment (Doc. 158);

2. The non-redacted copy of Defendant's Opposition to Salem's Motion for Summary Judgment (Doc. 166);

3. The non-redacted copy of Defendant Salem Fabrication Technology Group, Inc.'s Reply in Support of its Motion for Summary Judgment (Doc. Doc. 162);

4. The non-redacted copy of Salem's Exhibit Numbers 3-10, 13, 20-21, and 25 and the non-redacted copy of Plaintiffs' Exhibit Numbers 1-5, 8, and 18-19 (Docs. 159-3, 4, 5, 6, 7, 8, 9, 10, 13, 20, 21; Doc. 163-3; and Docs. 167-1, 2, 3, 4, 5, 6, 14, 15);

5. The entirety of Plaintiffs' Exhibit Numbers 9-10, 12, and 15-16 (Docs. 167-7, 8, 9, 12, 13); and

6. The declaration of Mike Willard, Salem's chief executive officer (Doc. 157).

For the reasons set out below, the court will grant the parties' motion to seal as to the substantive documents with one

4

partial exception. The sealed information falls into several categories, which the court addresses below. The parties have also filed redacted copies of all the materials for which sealing is sought, thus adhering to the least restrictive approach to the sealing. The redactions are modest, and Salem only seeks sealing for five years. (Doc. 156 at 6.) Further, the public's interest in obtaining Salem's confidential sales data, the terms of its supplier agreement with NorthGlass, its legal representation in contract negotiation, and its customer identities is minimal.

The court declines to seal the declaration of Mr. Willard (Doc. 157), however, because its discussion of the nature of the sealed information itself does not disclose any confidential information.

First, Salem seeks to seal references to the terms of its contracts with NorthGlass, its supplier. (Docs. 159-10, 159-13, 167-6 (Salem's Exhibit Nos. 10, 13 and Plaintiffs' Exhibit No. 8).) As noted by the declaration of Mr. Willard (Doc. 157 at 1-2), the terms of the contracts are confidential. Salem has demonstrated that their disclosure would reveal its sensitive business agreements with one of its suppliers and provide an unfair advantage to its competitors by allowing them to "undercut Salem's current terms with NorthGlass and other suppliers." Id. at 2.

Salem also seeks to protect from disclosure its confidential

5

sales data, customer identities, intellectual property policies, and technical information.  (Docs. 159-4, 5, 6, 7, 8, 9, 13, 20, 21; Doc. 163-3; Docs. 167-1, 2, 3, 4, 5, 6, 14, 15; and Docs. 167-7, 8, 9, 12, 13 (Salem's Exhibit Nos. 4-9, 13, 20-21, 25 and Plaintiffs' Exhibit Nos. 1-5, 8-10, 12, 15-16, 18-19).)  Salem urges that disclosure of this information would compromise its ability to compete as to pricing, conduct consumer research, and develop service options, and it would give its competitors an unfair competitive advantage in competing for Salem's customers.  Salem maintains this information as confidential as part of its routine business operations.  (Doc. 156 at 4-5.)  This information is precisely the type that is deemed worthy of protection from public disclosure.  <u>Bayer CropScience Inc., LLC v. Syngenta Crop Prot., LLC</u>, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013) (finding competitive harm in the public disclosure of marketing, sales, and licensing information that is not ordinarily public). The court will permit sealing of these items, with the exception of section 3.1.2 of docket entry 167-13 at 15-16, as that provision was at issue on the question of whether Salem's motion for summary judgment on Plaintiffs' contributory infringement claim should be granted.  Salem shall file a copy of that provision separately.

    Salem also seeks to seal information related to its legal representation.  (Docs. 159-3, 10, 13; Docs. 167-7, 8 (Salem Exhibit Nos. 3, 10, 13 and Plaintiffs' Exhibit Nos. 9-10).)  It

6

maintains that disclosure of such information would give competitors an unfair advantage in structuring their negotiations with Salem. (Doc. 156 at 5.) Moreover, it argues, disclosure of Salem's litigation strategies and policies regarding intellectual property could adversely affect the perceived value of Salem's stock, which is held by employees in an employee stock ownership plan. Id.

The court has deemed all but one of these documents protected from disclosure on other grounds. So, it need not decide whether additional protection is warranted for those documents based on a claim of attorney-client privilege.

The lone exception is docket entry 159-3, which is Salem's supplemental responses to Plaintiffs' interrogatories. The proposed redaction is of a single sentence that refers to actions taken by Salem with respect to a document. (Doc. 159-3 at 4.) The proposed redaction does not reveal any attorney-client information on its face; the information it does reveal appears to be no more than what would be required for the production of a privilege log – i.e., the identity of a document and the sender and recipient. See Clark v. Unum Life Ins. Co. of Am., 799 F. Supp. 2d 527, 536 (D. Md. 2011) (noting that a privilege log, even if not detailed, must identify "the nature of each document, the date of its transmission or creation, the author and recipients, the subject, and the privilege asserted") (citation

7

omitted). Here, the single sentence only notes that a document Salem received from Plaintiffs was forwarded to Salem's legal counsel. Salem has not demonstrated that this implicates the attorney-client privilege. Therefore, the motion to seal as to this sentence is denied, and Salem shall file an unredacted copy of docket entry 159-3 at 4.

For the reasons stated, therefore,

IT IS ORDERED that the parties' Joint Motion to Seal (Doc. 156) is GRANTED to the extent that the following documents shall remain sealed from public access for a period of five years: Doc. 158; Doc. 166; Doc. 162; Docs. 159, -4, -5, -6, -7, -8, -9, -10, -13, -20, -21; Doc. 163-3; Docs. 167-1, -2, -3, -4, -5, -6, -14, -15; and Docs. 167-7, -8, -9, -12, -13.

IT IS FURTHER ORDERED that the parties' Joint Motion to Seal (Doc. 156) is DENIED as to the declaration of Mike Willard (Doc. 157), which shall be unsealed in ten (10) days, and as to section 3.1.2 of docket entry 167-13 at 15-16 and page 4 of docket entry 159-3, which Salem shall file as a separate document in ten (10) days.

    /s/   Thomas D. Schroeder
United States District Judge

September 2, 2025

8

Case 1:21-cv-00942-TDS-LPA   Document 172   Filed 09/02/25   Page 8 of 8